IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) **C O M P L A I N T** ) |
| FAVORITE FARMS, INC., | ) **JURY TRIAL DEMAND** ) ) |
| Defendant. | ) ) |
| _____ | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful sex-based and retaliatory employment practices, and to provide appropriate relief to Charging Party Eulalia Salazar-Santiago who was adversely affected by such practices.  As alleged with greater specificity below, Charging Party Salazar-Santiago, a female farmworker, was subjected to a hostile work environment based on sex by her direct supervisor, Hector Cruz.  The sexual harassment included unwelcome sexual comments, forcible physical contact, and rape.  Defendant Favorite Farms, Inc. retaliated against Charging Party Salazar-Santiago by, among other things, suspending her employment for opposing sexual harassment.

1

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.   Defendant's principal place of business is within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.   Defendant Favorite Farms, Inc. ("Favorite Farms"), a Florida corporation, has continuously done business in Florida with its principal place of business in Dover, Florida, and has continuously employed at least 15 employees.

5.   At all relevant times, Favorite Farms has continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

CONDITIONS PRECEDENT

6.   More than thirty days prior to the institution of this lawsuit, Eulalia Salazar-Santiago filed a Charge with the Commission alleging violations of Title VII by Favorite Farms.

7.   The Commission issued a Letter of Determination on May 19, 2016 finding reasonable cause to believe that the harassment and retaliation alleged occurred.

8.   Prior to initiating this lawsuit, the Commission attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion to remedy the discriminatory practices and provide appropriate relief.

9.   All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF FACTS

10. Favorite Farms is a farming business growing a variety of produce, including strawberries.

11. Favorite Farms owns and provides on-site worker housing to its employees and their families.

12. At all relevant times, Favorite Farms employed Hector Cruz ("Cruz") as a Crew Leader with supervisory oversight of Favorite Farms' agricultural operations and field labor.

13. As Field Supervisor, Cruz directly supervised workers at Favorite Farms' operations in Dover, Florida.

14. Cruz oversaw room assignments at Favorite Farms' on-site worker housing units.

15. Cruz was empowered to receive and respond to employee inquiries concerning Favorite Farms' policies and procedures.

16. Field labor employees were required to direct complaints to Cruz.

17. Cruz determined the work assignments and schedules of field labor employees.

18. Cruz had the power to recommend and to hire, fire and/or reassign field labor employees.

19. Favorite Farms does not have a policy in place for the handling and/or reporting of complaints of sexual harassment or discrimination.

20. At all material times, Eulalia Salazar-Santiago ("Charging Party") was a seasonal field labor employee of Favorite Farms. She was most recently re-hired for seasonal employment on September 30, 2015.

21. Charging Party was employed as a harvester.

22. Charging Party rented an on-site worker housing unit owned and provided by Favorite Farms.

23. Charging Party's housing unit was in close proximity to the farm on which she worked.

24. Throughout Charging Party's employment, Cruz engaged in egregious sexual harassment towards Charging Party during working hours including forcible physical contact and repeatedly asking her how much she would charge to have sex with him.

25. Cruz repeatedly demanded that Charging Party have sex with him and threatened that she would lose her job if she refused.

26. Charging Party complained about and objected to Cruz's unwelcome sexual comments and conduct by telling him she was not interested in, and rejecting, his advances. Cruz's behavior continued unabated.

4

27. There were two empty bedrooms in the worker housing unit provided by Favorite Farms in which Charging Party lived.

28. On November 13, 2015, Cruz entered Charging Party's housing unit under the guise of needing to fill the two empty bedrooms with other workers.

29. Upon entering Charging Party's home, Cruz pushed Charging Party into an empty bedroom and raped her.

30. After raping her, Cruz threatened Charging Party that she would lose her job if she told anyone.

31. The rape was reported to local law enforcement and Favorite Farms on November 13, 2015.

32. In response, Favorite Farms retaliated against Charging Party by, among other things, suspending Charging Party's employment without pay.

33. Favorite Farms never investigated Charging Party's allegations.

34. Instead, Favorite Farms continued to employ Cruz.  Charging Party, on the other hand, was terminated.

35. As a result of the foregoing, Charging Party suffered damages.

<u>STATEMENT OF CLAIMS</u>

36.  Paragraphs 10 through 35 are fully incorporated herein.

37. Since at least as early as September 30, 2015, Favorite Farms engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Charging Party to a sexually hostile work environment.

38. Since at least September 30, 2015, Favorite Farms engaged in unlawful

employment practices, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by suspending Charging Party's employment in retaliation for opposing unlawful employment activities, including complaining about and objecting to sexual harassment.

39. The effect of the practices complained of in paragraphs 10-35 has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of sex.

40. The unlawful employment practices complained of in paragraphs 10-35 were intentional.

41. The unlawful employment practices complained of in paragraphs 10-35 were done with malice or with reckless indifference to the federally protected rights of Charging Party.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Favorite Farms, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex including but not limited to permitting a sexually hostile work environment, suspending employees based on their sex, and retaliating against employees who engage in statutorily protected activity such as rejecting and complaining about sexual advances in the workplace.

B.     Order Defendant Favorite Farms to institute and carry out policies, practices, and programs which provide equal employment opportunities women.

C.     Order Defendant Favorite Farms to make whole Charging Party, by providing

appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Favorite Farms to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-35 above.

E.    Order Defendant Favorite Farms to make Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-35 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant Favorite Farms to pay Charging Party punitive damages for its malicious and reckless conduct described in paragraphs 10-35 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: May 24, 2017.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

ROBERT WEISBERG
Regional Attorney
Florida Bar No: 285676

KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar No: 153729

Trial Attorney
Fla. Bar No. 037022
U.S. Equal Employment
Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Telephone: (305) 808-1879
Facsimile: (305) 808-1835