UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

*Plaintiff,*

AND                                                      Case No. 8:17-cv-01292-JSM-AAS

EULALIA SALAZAR-SANTIAGO,

*Intervenor-Plaintiff*

v.

FAVORITE FARMS, Inc.,

*Defendant*

_____

**AMENDED COMPLAINT IN INTERVENTION
FOR DAMAGES AND INJUNCTIVE RELIEF**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, the Civil Rights Act of 1866, 42 U.S.C. §1981, along with additional state law claims, to correct unlawful sex-based and retaliatory employment practices, and to provide appropriate relief to Eulalia Salazar-Santiago (hereafter "Intervenor" or "Salazar")

The Intervenor alleges that she was sexually harassed through unwelcome sexual comments and forcible physical contact including rape. Intervenor was furthermore subjected to retaliation, by among other things being suspended from her employment for opposing said sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000(e)- 5(f)(1) and (3) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(1)(a).  Supplemental jurisdiction of Intervenor's state law claims is conferred by 28 U.S.C. §1367, as Intervenor's state and federal claims arise out of a common nucleus of operative fact, as more fully set forth below.

2. Defendant, Favorite Farms Inc. (hereafter "Favorite Farms") has maintained a principal place of business within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. The Plaintiff United States Equal Employment Opportunity Commission (hereinafter, EEOC) is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000(e)-5(f)(1) and (3).

4. Defendant Favorite Farms is a Florida corporation that has continuously done business in Florida with its principal place of business in Dover, Florida, and has continuously employed at least 15 employees.

5. At all relevant times, the Defendant, Favorite Farms has continuously engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

6. Intervenor Eulalia Salazar-Santiago is a Mexican Mixteco woman and at all times material to this action has resided of the state of Florida. Her primary languages are Mixteco Bajo and some Spanish, with a very limited understanding of the English language. At all times material to the claims herein, Intervenor was employed by the Defendant as a seasonal field laborer.

## CONDITIONS PRECEDENT

7. All conditions precedent to the institution of Intervenor's Title VII and Florida Civil Rights Act (hereinafter, FlaCRA) claims have been fulfilled.

8. Intervenor submitted a Charge of Discrimination to the EEOC within 300 days of said harassment and retaliation. In that Charge, Intervenor requested that her allegations be dual filed with the Florida Commission on Human Relations, pursuant to Fla. Stat. §760.11(1). The EEOC subsequently issued a Letter of Determination on May 19, 2016 finding reasonable cause to believe that the harassment and retaliation had occurred as alleged. More than 180 days have passed without a determination by the Florida Commission on Human Relations on Intervenor's FlaCRA claim.

## STATEMENT OF THE FACTS

9. The Defendant is a farming business growing a variety of produce including strawberries on its properties in Eastern Hillsborough County, Florida.

10. The Defendant regularly employs seasonal workers and provides these workers with on-site housing for them and their families.

11. Defendant employed Salazar in its farming business on several occasions, including the 2015-16 season beginning on or about September 30, 2015. During that time,

Defendant provided housing for Salazar and her two children, under a written lease between Defendant as landlord and Salazar as tenant.

12. At all relevant times Favorite Farms employed Hector Cruz (hereafter "Cruz") as a crew leader with supervisory oversight of the farm's operations and field labor. He determined the work assignments and the schedules for the field labor employees.

13. As a crew leader, Cruz directly supervised farm workers, including Intervenor, at Favorite Farms' fields in Dover, Florida, where Salazar was employed. His duties included oversight of the room assignments for on-site worker housing units.

14. Cruz was responsible of responding to employee inquiries regarding the policies of employment at Favorite Farms. Field workers were required to direct complaints to Cruz and he was empowered to recommend for hire/fire and/or reassign field labor employees.

15. Intervenor rented an on-site housing unit provided by the Defendant, located a short distance from the farm where she worked.

16. At all material times, Salazar was not aware of any policy of Defendant for handling and/or reporting complaints of sexual harassment and/or discrimination.

17. Throughout her employment at Favorite Farms, Salazar was subjected to egregious sexual harassment by Cruz, the crew leader of the Defendant. He repeatedly asked her for sexual favors, both during work time and by telephone after hours, and asked how much she would charge to have sex with him.  He told her if she "married" him she could get "American papers."

18. On one occasion while Salazar was working, Cruz approached her and grabbed her crotch and squeezed.  He told her that if she did not have sex with him, she would be fired.

19. Salazar frequently complained and objected to the unwelcome sexual comments and conduct by informing Cruz she was not interested in his advances. Despite her continued rejections, Cruz continued and escalated the sexual harassment.

20. Salazar finally in desperation contacted the Mexican Consulate, and was advised to complain to Cruz's superiors.  She did so.  She initially spoke with two female office employees who set up a meeting with a person she understood to be the boss.  This person assured her that the problem would be resolved and stated that the matter would be kept in-house.  Cruz left her alone for a time, but then resumed the harassment.

21. The housing unit where the Intervenor resided contained two empty bedrooms. On or about November 9, 2015, Cruz informed Intervenor that he wanted to move two additional people into her apartment.  He entered her apartment and inspected it to determine whether it would be suitable for that purpose.

22. On the afternoon of November 13, 2015, Cruz again came to Intervenor's apartment and told her he needed to inspect the rooms to see if they were clean and ready for the new occupants.

23. Upon entering Salazar's apartment, Cruz pushed Salazar into an empty bedroom where he forcibly raped her by penetration of her vagina with his finger and mouth. Afterward, Cruz verbally threatened to fire Salazar from her employment if she told anyone about the rape.

5

24. Salazar called law enforcement to report the rape on that same day. In response, Favorite Farms retaliated against Salazar by suspending her employment without pay.

25. On information and belief, Defendant took no disciplinary action against Cruz and continued to employ him as a crew leader.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

26. This count sets forth a claim against the Defendant Favorite Farms, for unlawful sexual harassment in violation of § 703(a)(1) of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e)-(2)(a)(1).

27. Paragraphs 1-25 are incorporated by reference as if fully set forth herein.

28. The Defendant, Favorite Farms engaged in unlawful employment practices at its location in Dover, Florida, in violation of 42 U.S.C. §§2000e-2(a), by subjecting Intervenor to sexual harassment which was severe and pervasive, and by depriving the her of equal employment opportunities and otherwise adversely affecting her status as an employee because of sex. The unlawful conduct resulted in physical and emotional pain and suffering, embarrassment and humiliation to Salazar.

29. The unlawful acts listed in paragraphs 1 through 25 were done with malice and/or reckless indifference to the federally protected rights of the Intervenor.

## COUNT II
## UNLAWFUL RETAILIATION IN VIOLATION OF TITLE VII

30. This count sets forth a claim of unlawful employment practices by the Defendant, Favorite Farms, in violation of §704(a) of Title VII, 42 U.S.C. §§2000e-3(a), by suspending Intervenor's employment in retaliation for her opposing unlawful

employment activities, including complaining about and objecting to sexual harassment.

31. Paragraphs 1-25 are incorporated by reference as if fully set forth herein.

32. A causal connection exists between the Intervenor's protected activity of complaining and/or rejecting and refusing the unwelcome sexual conduct and her discipline by the Defendant.

33. The effect of the conduct set out in paragraphs 1 through 25 has been to deprive Intervenor of equal employment opportunities and otherwise adversely affect her status as an employee in retaliation for her opposition to unlawful employment practices. This unlawful conduct resulted in emotional pain and suffering, embarrassment, and humiliation to Salazar.

34. The unlawful employment practices set out in paragraphs 1 through 25 were done with malice and/or with reckless indifference to the federally protected rights of the Intervenor.

## COUNT III
## SEXUAL HARASSMENT IN VIOLATION OF FLORIDA CRA

35. This count sets forth a claim against the Defendant Favorite Farms, for unlawful sexual harassment in violation of the Florida Civil Rights Act, Fla. Stat. §760.10.

36. Paragraphs 1-25 are incorporated by reference as if fully set forth herein.

37. The Defendant, Favorite Farms engaged in unlawful employment practices at its location in Dover, Florida, in violation of Fla.Stat. §760.10(1), by subjecting Intervenor to sexual harassment which was severe and pervasive, and by depriving the her of equal employment opportunities and otherwise adversely affecting her

status as an employee because of sex. The unlawful conduct resulted in physical and emotional pain and suffering, embarrassment and humiliation to Salazar.

38. The unlawful employment practices set out in paragraphs 1 through 25 were done with malice and/or with reckless indifference to the federally protected rights of the Intervenor.

## COUNT IV

## UNLAWFUL RETAILIATION IN VIOLATION OF FLORIDA CRA

39. This count sets forth a claim of unlawful employment practices by the Defendant, Favorite Farms in violation of Fla. Stat. §760.10(7), by suspending Intervenor's employment in retaliation for opposing unlawful employment activities, including complaining about and objecting to sexual harassment.

40. Paragraphs 1-25 are incorporated by reference as if fully set forth herein.

41. A causal connection exists between the Intervenor's protected activity of complaining and/or rejecting and refusing the unwelcome sexual conduct and the adverse actions taken against her by the Defendant.

42. The effect of the conduct set out in paragraphs 1 through 25 has been to deprive Intervenor of equal employment opportunities and otherwise adversely affect her status as an employee in retaliation for her opposition to unlawful employment practices. This unlawful conduct resulted in emotional pain and suffering, embarrassment, and humiliation to Salazar.

43. The unlawful employment practices set out in paragraphs 1 through 25 were done with malice and/or with reckless indifference to the federally protected rights of the Intervenor.

8

## COUNT V
## ASSAULT

44. This count sets forth a claim of assault against the Defendant, Favorite Farms.

45. Paragraphs 9-25 are incorporated by reference as if fully set forth herein.

46. In harassing and threatening Intervenor while she was working, Cruz was acting within the scope of his employment as her crew leader and supervisor.

47. In entering Intervenor's apartment on November 13, 2015, Cruz was acting within the scope of his employment as Defendant's crew leader with responsibility for assigning housing to employees.  Cruz was acting to further Defendant's interest in assigning additional workers to occupy Intervenor's apartment so as to make maximum use of that apartment for Defendant's benefit.

48. Cruz caused the Intervenor to fear immediate offensive contact and bodily injury, and subsequently in fact did cause injury to the Intervenor's body and person.

49. The Defendant ratified the unlawful actions taken by Cruz in its failure to take reasonable care to eliminate the harassment after Intervenor complained, and generally to maintain a work environment free of assaults and discriminatory practices, including sexual harassment.

50. This unlawful conduct resulted in emotional pain and suffering, embarrassment, and humiliation to Intervenor.

51. The unlawful and tortious acts described in paragraphs 9 through 25 were done with malice, reckless and/or wanton disregard of the rights of the Intervenor.

## COUNT VI
## BATTERY

**52.** This count sets forth a claim against the Defendant, Favorite Farms, for battery.

9

53. Paragraphs 9-25 and 46-47 are incorporated by reference as if fully set forth herein.

54. Intervenor was the victim of offensive touching to her person by Cruz as detailed in paragraphs 9 through 25.

55. The offensive and violent touching by Cruz resulted in harm to Intervenor and resulted in emotional pain and suffering, embarrassment, and humiliation.

56. The Defendant had the right and obligation to control the means, method and/or manner in which Cruz performed his job, within the scope of his employment, and in furtherance of the Defendant's business.

57. Defendant Favorite Farms ratified the unlawful actions taken by Cruz by failing to eliminate the assaults, batteries, and harassment after Intervenor complained, and to take reasonable measures to create a work environment free of such unlawful practices, including sexual harassment, as set forth in paragraphs 9 through 25.

58. This unlawful conduct resulted in emotional pain and suffering, embarrassment, and humiliation to Intervenor.

59. The unlawful and tortious acts described in paragraphs 9 through 25, were done with malice, reckless and/or wanton disregard of the rights of the Intervenor.

**COUNT VII**
**VIOLATION OF EQUAL RIGHTS UNDER THE LAW**
**PER 42 U.S.C. § 1981**

60. This count sets forth a claim against the Defendant for violation of Intervenor's Federal Civil Rights as stated in the Civil Rights Act of 1866, 42 U.S.C. § 1981, guaranteeing all persons in the  United States the same rights, in every state and territory, as is enjoyed by its white citizens.

61. Paragraphs 9-25 and 46-47 are incorporated by reference as if fully set forth herein.

62. Intervenor was the victim of offensive verbal and physical harassment by Cruz as detailed in paragraphs 9 through 25.

63. Cruz specifically selected Intervenor as a target for sexual harassment because she is of indigenous Mixteco ethnic origin, and as such more vulnerable because of her ethnic and language minority status.  In so doing he subjected her to discrimination including harassment which was severe and pervasive, based on her ethnic characteristics, in violation of 42 U.S.C. § 1981.

64. This unlawful conduct resulted in emotional pain and suffering, embarrassment, and humiliation to Intervenor.

65. The unlawful acts described in paragraphs 9 through 25 were done with malice, reckless and/or wanton disregard of the rights of the Intervenor.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**66.** This count sets forth a claim against the Defendant for Intentional Infliction of Emotional Distress.

67.  Paragraphs 9-25 and 46-47 are incorporated by reference as if fully set forth herein.

68.  Cruz engaged in extreme and outrageous conduct and intentionally or recklessly inflicted severe emotional distress on Ms. Salazar.

69. As a result of Cruz's action, Intervenor suffered severe emotional distress, humiliation, pain and suffering

70. The unlawful acts described in paragraphs 9 through 25 were done with malice, reckless and/or wanton disregard of the rights of the Intervenor, Ms. Salazar.

11

**CLAIM FOR RELIEF**

WHEREFORE, the Intervenor respectfully requests that this Court:

71. Issue an order permanently enjoining the Defendant, Favorite Farms, its officers, successors, assignees and all persons in active concert or participation with it, from engaging in sexual harassment or retaliation and any other employment practices that discriminate on the basis of sex and Mixteco ethnicity.

72. Order the Defendant, Favorite Farms to institute and carry out policies, practices, and programs that provide equal employment opportunities for victims harassment based on their sex and Mixteco ethnicity and retaliation, which eradicate the effects of its past and present unlawful employment practices.

73. Order the Defendant, Favorite Farms to make whole the Intervenor, Eulalia Salazar-Santiago, by providing compensation for past and future economic losses resulting from the unlawful employment practices and tortious acts described above, in amounts to be determined at trial.

74. Order the Defendant, Favorite Farms, to pay non-economic compensatory damages to Intervenor to compensate her for the humiliation, emotional distress, pain and suffering caused by the unlawful employment practices and tortious acts described above, in amounts to be determined at trial.

75. Order the Defendant, Favorite Farms to pay punitive damages to Salazar for its malicious, reckless and wanton conduct described above, in amounts to be determined at trial.

76. Grant such further relief as the Court deems necessary and proper in the public interest.

77. Award to the Intervenor all attorney's fees and costs incurred in this matter.

## JURY TRIAL DEMAND

The Intervenor requests a jury trial on all issues of fact raised by the Complaint.

Respectfully submitted,

Peter F. Helwig, Trial Counsel
Fla. Bar. No. 588113
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
Telephone: (863) 648-2958
Facsimile: (863) 619-8901
E-mail: pfhelwig@tampabay.rr.com

Anasol Roldan
Fla. Bar No. 096116
Roldan Law Firm
1107 East Jackson Street, Suite 107
Tampa, Florida 33602
Telephone: (813) 379-2300
Facsimile: (813) 379-2344
E-mail: anasol@roldanlegal.com

## Certificate of Service

I hereby certify that the foregoing was filed on November 27, 2017 with the ECF system
which will provide an electronic copy to counsel of record.

_____/s/ Peter F. Helwig_____
Peter F. Helwig