UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

   Plaintiff,

AND

**EULALIA SALAZAR-SANTIAGO,**

   Intervenor-Plaintiff,

v.                                Case No: 8:17-cv-1292-T-30AAS

**FAVORITE FARMS, INC.,**

   Defendant.
_____/

# ORDER

This cause came on for consideration upon Defendant Favorite Farms, Inc.'s Motion to Dismiss Counts V, VI and VIII of Intervenor-Plaintiff's Amended Complaint (Dkt. 28) and Intervenor-Plaintiff's Response in Opposition (Dkt. 33). Upon consideration of the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied.

## BACKGROUND

On May 31, 2017, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this lawsuit against Defendant Favorite Farms, Inc. under Title

VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (Dkt. 1). The claims are premised on a hostile work environment based on sex and retaliation by Intervenor-Plaintiff Eulalia Salazar-Santiago's direct supervisor and Favorite Farms' employee, Hector Cruz. The complaint seeks to "provide appropriate relief to Charging Party [Salazar-Santiago] who was adversely affected by such practices." *Id.* The complaint alleges that Cruz subjected Salazar-Santiago to "unwelcome sexual comments, forcible physical contact, and rape." *Id.*

On November 7, 2017, the Court entered an Order granting Salazar-Santiago's motion to intervene (Dkt. 18). Salazar-Santiago's amended complaint alleges, in relevant part, claims of assault, battery, and intentional infliction of emotional distress ("IIED") against Favorite Farms (Counts V, VI, and VIII respectively) (Dkt. 23).[1]

With respect to the claims of battery and assault, Salazar-Santiago alleges the following facts: during the relevant time, Salazar-Santiago was working for Favorite Farms as a "seasonal worker" conducting field labor; Salazar-Santiago resided with her two children in housing that Favorite Farms provided and leased to her during her employment; Cruz, who was Salazar-Santiago's supervisor, worked as Favorite Farms' crew leader; Cruz's duties included assigning the field laborers to apartments in housing units provided by Favorite Farms; Cruz visited Salazar-Santiago's apartment and stated that he needed to inspect it to

---

[1] Salazar-Santiago subsequently filed a joint stipulation for voluntary dismissal of the IIED claim (Dkt. 34). This Order focuses on whether she has sufficiently pled claims of battery and assault against Favorite Farms.

determine whether there was room to move two additional people into the apartment; during the inspection, Cruz pushed Salazar-Santiago into a bedroom and raped her; Salazar-Santiago reported the rape to Favorite Farms' management but, to her knowledge, Favorite Farms took no disciplinary action against Cruz and Cruz continued to serve as crew leader.

Favorite Farms moves to dismiss the claims of battery and assault under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Favorite Farms argues that the allegations are insufficient to establish its liability for the intentional torts that Cruz allegedly committed against Salazar-Santiago. For the reasons stated below, the Court concludes that these claims are adequately pled because Salazar-Santiago has alleged facts that Cruz accomplished the torts by virtue of his employer/employee relationship with Favorite Farms.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## **DISCUSSION**

Favorite Farms argues that it cannot be vicariously liable for Cruz's actions because Cruz acted outside of the scope of employment when he raped Salazar-Santiago. Although, generally speaking, a sexual assault typically falls outside the scope of an employee's service to the employer, the inquiry is fact-intensive and Florida recognizes an exception to the general rule if the employee/tortfeasor accomplished the tort by virtue of the employer/employee relationship. *See, e.g.*, *Doe v. St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1288-89 (M.D. Fla. 2014); *DK v. School Bd. Of Manatee Cnty, Fla.*, No. 8:14-cv-2329-T-33TBM, 2014 WL 5473578, at *2 (M.D. Fla. Oct. 28, 2014).

In *Doe*, the plaintiff alleged that the defendant's employee, who was both a teacher and a priest, used his position of authority to manipulate and sexually abuse the plaintiff, who was a student. *Id.* at 1289. The court denied the employer's motion to dismiss, which had argued that the employer could not be vicariously liable for the employee's intentional torts. The court relied on Florida's exception to the general rule that applies when the tort arises from the employment/employee relationship. The court noted that the allegations reflected that the teacher used his position as an employee of the employer as a pathway to abuse the plaintiff. *See id.*

Similarly, in *DK*, the employee used his position of authority as a "Parent Liaison" of the defendant employer as a means to sexually assault the plaintiff. 2014 WL 5473578, at *2. The court denied the employer's motion to dismiss because the allegations sufficiently

alleged an exception to the general rule that employers are not vicariously liable for sexual assaults/batteries committed by their employees.

Based on the allegations in the amended complaint and, because the issue of vicarious liability is a fact-intensive inquiry, the arguments raised in Favorite Farms' motion to dismiss are more appropriately addressed at the summary judgment stage. Salazar-Santiago has adequately pled that Cruz used his position of authority as Favorite Farms' crew leader to rape Salazar-Santiago during a purported inspection of her apartment, which Favorite Farms had leased to her. Accordingly, the battery and assault claims will not be dismissed.

It is therefore **ORDERED and ADJUDGED** that:

1. Defendant Favorite Farms, Inc.'s Motion to Dismiss (Dkt. 28) is denied.

2. Count VIII of the Intervenor-Plaintiff's Amended Complaint is dismissed with prejudice, with each party to bear its and her own costs and attorney's fees, pursuant to the parties' Joint Stipulation for Voluntary Dismissal (Dkt. 34).

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2018.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>

Counsel/Parties of Record