**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

AND

EULALIA SALAZAR-SANTIAGO,

    Intervenor-Plaintiff,

v.                                        Case No. 8:17-cv-1292-T-30AAS

FAVORITE FARMS, INC.,

    Defendant

_____/

**ORDER TEMPORARILY UNDER SEAL UNTIL JUNE 4, 2018[1]**

    Favorite Farms moves to compel non-party Redland Christian Migrant Association ("RCMA") to respond to a subpoena duces tecum. (Doc. 41). The Equal Employment Opportunity Commission ("EEOC"), Eulalia Salazar-Santiago, and RCMA[2] oppose Favorite Farms' motion. (Docs. 50–52). The EEOC also moves for a protective order barring discovery by Favorite Farms into Ms. Salazar-Santiago's immigration status. (Doc. 50). Because the *in terrorem* effect on Ms.

---

[1] Because Ms. Salazar-Santiago's immigration status is not revealed in this Order or the parties' and RCMA's filings, unsealing this Order and the briefing concerning this issue appears warranted. However, the parties may submit briefs by June 4, 2018, if any party believes keeping these filings sealed is warranted.

[2] In its response to Favorite Farms' motion to compel, RCMA simply affirmed it agrees with the EEOC's and Ms. Salazar-Santiago's arguments. (Doc. 52, p. 1).

1

Salazar-Santiago (including the potential for embarrassment, harassment and burden) and the potential adverse effect on the public to produce her paperwork concerning her immigration status outweigh the potential benefit to Favorite Farms, Favorite Farms' motion to compel is **DENIED** and the EEOC's motion for protective order is **GRANTED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The EEOC initiated this cause of action claiming Favorite Farms subjected Ms. Salazar-Santiago to a sexually hostile work environment when she worked for Favorite Farms. (Doc. 1). Most relevant here, the EEOC claims Hector Cruz, an employee at Favorite Farms, raped Ms. Salazar-Santiago when she worked at Favorite Farms. (*Id.*). The EEOC also claims Favorite Farms retaliated against Ms. Salazar-Santiago when she opposed the hostile work environment and complained about it. (*Id.*). The EEOC's claims arise under Title VII of the Civil Rights Act of 1964 (sexually hostile work environment) and Title I of the Civil Rights Act of 1991 (retaliation). (*Id.*).

Ms. Salazar-Santiago intervened and brought forth multiple employment discrimination claims against Favorite Farms. (Doc. 23). Ms. Salazar-Santiago alleges: sexual harassment under Title VII; retaliation under Title VII; sexual harassment under the Florida Civil Rights Act; retaliation under the Florida Civil Rights Act; ethnic discrimination under 42 U.S.C. Section 1981; assault; battery; and intentional infliction of emotional distress. (*Id.*).

RCMA is not a party to this litigation but helps Ms. Salazar-Santiago with "various legal matters." (Doc. 50, p. 3). Because Ms. Salazar-Santiago speaks an indigenous Mexican language, RCMA helps her communicate with the EEOC about this case. (*Id.*). In fact, "virtually all of the EEOC's communications" with Ms. Salazar-Santiago have been through RCMA. (*Id.*).

2

Favorite Farms served a subpoena duces tecum on RCMA requesting numerous communications and documents concerning Ms. Salazar-Santiago. (Doc. 41-1, pp. 6–10). Although RCMA provided documents responsive to its subpoena duces tecum, Favorite Farms argues RCMA failed to produce documents responsive to two of Favorite Farms' requests. (Doc. 41, pp. 1–7). These outstanding discovery requests from Favorite Farms are:

### Request No. 7

Any and all documents, including, but not limited to, handwritten or typed notes, letters, and/or memorandums [sic], that in any way reference and/or relate to Salazar-Santiago's employment with Favorite Farms during the time period between January 1, 2014 and December 6, 2016.

### Request No. 8

A complete copy of any file, case file, and/or record regarding events between January 1, 2014 and December 6, 2016, that refer to and/or relate to Salazar-Santiago's employment at Favorite Farms, her occupancy of housing at Favorite Farms, and/or her interactions of any kind with Hector Cruz.

(Doc. 41, p. 7). Favorite Farms moved to compel RCMA to respond to these outstanding discovery requests. (Doc. 41).

Although its requests seemingly cover a broad range of documents, "[n]amely, Favorite Farms seeks records related to Plaintiff-Intervenor's U visa packet/application because Plaintiff-Intervenor's representations as to her asserted eligibility for this special visa status directly relate to her asserted claims of employment discrimination in this litigation." (Doc. 41, p. 8). The EEOC claims RCMA produced all documents responsive to Favorite Farms' request, except U visa documents. (Doc. 50, p. 4).

Favorite Farms argues its requested documents are relevant to its defenses against the EEOC's and Ms. Salazar-Santiago's claims. (*Id.* at 8). Specifically, Favorite Farms seeks

3

documents concerning Ms. Salazar-Santiago's U visa application. (Doc. 50, p. 8). Favorite Farms argues Ms. Salazar-Santiago's U visa records are relevant because Favorite Farms must "review and assess" Ms. Salazar-Santiago's previous rape allegations against Favorite Farms employee Hector Cruz. (*Id.*). According to Favorite Farms, to qualify for a U visa, the applicant must establish she is a victim of criminal activity and she is helping a government agency investigate or prosecute that criminal activity. (*Id.* at 9–10). Therefore, Favorite Farms concludes it is entitled to review Ms. Salazar-Santiago's U visa documents because the documents likely include information about her claims against Favorite Farms. (*Id.* at 10–11).

The EEOC, Ms. Salazar-Santiago, and RCMA oppose Favorite Farms' motion to compel. (Docs. 50–52). Ms. Salazar-Santiago argues Favorite Farms failed to assert facts to support the claim Ms. Salazar-Santiago lied about her claims against Favorite Farms to obtain a U visa. (Doc. 51, p. 8). Ms. Salazar-Santiago argues permitting discovery into her immigration status without facts supporting a claim of fraud would negatively affect protections given immigrants under Title VII and U visa programs. (*Id.*). She also argues permitting discovery into her immigration status would "create an undue burden" on her. (*Id.*).

The EEOC moves for a protective order and an order to quash or modify Favorite Farms' subpoena duces tecum. (Doc. 50). The EEOC wishes to prevent discovery into Ms. Salazar-Santiago's immigration or citizenship status and information about documents or applications concerning the U visa program. (*Id.*). The EEOC argues a protective order is necessary because: discovery into Ms. Salazar-Santiago's immigration status would cause an *in terrorem* effect on Ms. Salazar-Santiago and potential Title VII litigants like her; discovery into Ms. Salazar-Santiago's immigration status would impose significant embarrassment, oppression, and undue

4

burden on her, her family, and future EEOC claimants; Ms. Salazar-Santiago's immigration status is not relevant to her claims against Favorite Farms because neither she nor the EEOC seek damages for back pay; and interests in protecting Ms. Salazar-Santiago's immigration status outweigh Favorite Farms' interest in obtaining that information. (Doc. 50, pp. 9–19). The EEOC also claims Favorite Farms' requested discovery is protected by attorney–client privilege and common interest doctrine. (*Id.* at 19–22). Therefore, the EEOC concludes Ms. Salazar-Santiago's immigration status should be protected from discovery. (*Id.* at 22).

## II. ANALYSIS

Under Federal Rule of Civil Procedure 26(b), parties may request discovery into documents and information relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). The Federal Rules of Civil Procedure favor full discovery whenever possible. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). However, under Rule 26(c), any person from whom discovery is requested may move for a protective order. Fed. R. Civ. P. 26(c). For good cause, the court may enter a protective order to protect a party from embarrassment, oppression, or undue burden. *Id.* To establish good cause, the party requesting protection must demonstrate the need for a protective order, which requires "particular and specific demonstration of fact." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citations omitted).[3] The court must then evaluate and balance competing public and private interests concerning dissemination of the discovery material at issue. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir. 1987).

With respect to its positions why RCMA should be compelled to produce Ms. Salazar-

---

[3] The Eleventh Circuit adopted the former Fifth Circuit's decisions as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Santiago's U visa paperwork and why the EEOC's motion for protective order should be denied, it is important to state what Favorite Farms does not argue. Favorite Farms does not argue RCMA should produce Ms. Salazar-Santiago's U visa paperwork because those documents might reveal Ms. Salazar-Santiago is an illegal alien. Favorite Farms does not argue illegal aliens are not entitled to protection under Title VII. Nor does Favorite Farms argue Ms. Salazar-Santiago's U visa paperwork is relevant to damages she and the EEOC claim.

Favorite Farms argues RCMA should produce Ms. Salazar-Santiago's U visa paperwork because her U visa paperwork is relevant to her credibility. (Doc. 58). Favorite Farms argues Ms. Salazar-Santiago's claims about the sexual assault Hector Cruz allegedly committed have been inconsistent. (*Id.* at 2). Favorite Farms requests Ms. Salazar-Santiago's paperwork so it can examine all her statements about the incident with Hector Cruz. (*Id.* at 3). According to Favorite Farms, Ms. Salazar-Santiago's U visa application "presents a possible motive as to why she filed an EEOC charge against Favorite Farms." (*Id.* at 6). This motive results from federal law permitting an individual to apply for a U visa if she suffered physical or mental abuse after criminal activity and then helps federal authorities investigate that criminal activity. (*Id.* at 6–7) (citing 8 U.S.C. § 1101(a)(15)(U)). Favorite Farms argues Ms. Salazar-Santiago's statements in her U visa paperwork, which is in RCMA's possession, about the incident with Hector Cruz is relevant to determining whether her claims against Favorite Farms are credible. (*Id.* at 8; Doc. 41, p. 8).

Therefore, the court need only determine whether the burden on Ms. Salazar-Santiago resulting from RCMA's production of her U visa paperwork outweighs any benefit Favorite Farms might receive in obtaining discovery relevant to Ms. Salazar-Santiago's credibility.[4]

---

[4] The parties also address whether Favorite Farms' discovery requests are protected under the common interest doctrine. The common interest doctrine protects "communications made in the

Documents concerning a claimant's immigration status are generally not discoverable. *Jones v. Haristoy*, No. 3:03-CV-121-JTC, 2004 WL 7329975, at *14 (N.D. Ga. Oct. 8, 2004) (citations omitted). Permitting discovery into a claimant's immigration status could result in an adverse effect on potential Title VII claimants. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004). The adverse effect would be illegal immigrants' reluctance to bring Title VII claims because they do not want their immigration status publicly revealed for fear of prosecution or deportation. *Id.* at 1064–65 (citations omitted); *see also Hispanic Interest Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247 (11th Cir. 2012) (finding that publicly revealing the illegal status of children would significantly deter undocumented children from enrolling in school).[5] This potential adverse effect to the public and the *in terrorem* effect resulting in embarrassment to the claimant outweigh benefits employers receive by discovering material relevant to the claimant's credibility. *EEOC v. DiMare Ruskin, Inc.*, No. 2:11-CV-158-FtM-99SPC, 2012 WL 12067868, at *5 (M.D. Fla. Feb. 15, 2012).

Here, the *in terrorem* effect on Ms. Salazar-Santiago (including the potential for

---

course of an ongoing common enterprise and intended to further the enterprise." *EEOC v. DiMare Ruskin, Inc.*, No. 2:11-CV-158-FtM-99SPC, 2012 WL 12067868, at *5 (M.D. Fla. Feb. 15, 2012) (citation omitted). The common interest doctrine applies to communications between the EEOC and a claimant when the EEOC sues on the claimant's behalf. *Id.* at* 5–6. Here, the EEOC argues Ms. Salazar-Santiago's communications to the EEOC through RCMA are protected under the common interest doctrine. (Doc. 50, pp. 20–22). Favorite Farms argues the common interest doctrine does not apply to its discovery requests because it requests communications before the EEOC sued on Ms. Salazar-Santiago's behalf; so, those communications were not made in the course of an ongoing common enterprise. (Doc. 58, pp. 13–14). Because the court concludes the potential adverse effect on the public and *in terrorem* effect on Ms. Salazar-Santiago in disclosing her U visa paperwork outweigh the potential benefit to Favorite Farms, the court need not address whether the common interest doctrine applies.

[5] *But see Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827–30 (9th Cir. 2004) (dissenting from the denial of rehearing en banc, Judge Carlos Bea identified a notable lack of evidence supporting the idea of an adverse or "chilling effect" from permitting discovery into claimants' immigration status).

embarrassment, harassment and burden)  and adverse effect to the public that may result from permitting discovery into Ms. Salazar-Santiago's U visa paperwork outweigh the benefit Favorite Farms may receive in discovering documents that undermine Ms. Salazar-Santiago's credibility. The adverse effect to the public in permitting discovery into a claimant's immigration paperwork could "unacceptably burden[] the public interest" in ensuring similarly-situated claimants continue to bring Title VII claims.  *Rivera*, 364 F.3d at 1065.

Favorite Farms already has material it could use to undermine Ms. Salazar-Santiago's credibility.  Favorite Farms argues notes from Hillsborough County Sheriff's Office show Ms. Salazar-Santiago's statements about the incident with Hector Cruz have been inconsistent.  (Doc. 58, p. 2).  Favorite Farms points to a note from the Sheriff's office suggesting the basis for Ms. Salazar-Santiago's claim against Hector Cruz was to extend her visa.  (*Id.* at 4).  And Favorite Farms claims DNA evidence obtained the same day as the alleged incident with Hector Cruz exonerates Cruz.

To support its argument that discovery into immigration paperwork is relevant to Ms. Salazar-Santiago's credibility, Favorite Farms relies on the Fifth Circuit's decision in *Cazorla v. Koch Foods of Mississippi, LLC*, 838 F.3d 540 (5th Cir. 2016).  There, the Fifth Circuit held employers can obtain U visa paperwork from individuals but not the EEOC. *Id.* at 554.  The Fifth Circuit also found no abuse of discretion in the district court's conclusion that U visa paperwork was relevant to the claimants' credibility and had probative value. *Id.* at 559 (footnotes omitted). But the Fifth Circuit concluded the district court should have considered how permitting discovery into the claimants' U visa paperwork would affect individuals not involved in that litigation. *Id.* at 564.  Therefore, the Fifth Circuit remanded so the district court could "devise an approach to U

visa discovery that adequately protects the diverse and competing interests at stake." *Cazorla*, 838 F.3d at 564.

On remand, the district court permitted limited U visa discovery after considering the public interest in preventing that discovery. *Cazorla v. Koch Foods of Mississippi, LLC*, No. 3:10-CV-00135-DPJ-FKB, 2018 WL 1405297, at *1 (S.D. Miss. Mar. 20, 2018). To limit the potential *in terrorem* effect that could result from permitting discovery into U visa paperwork, and in light of several plaintiffs and claimants, the court limited the U visa discovery method:

> (1) [A]ll U visa discovery of individual plaintiffs and claimants will be conducted in writing, using only questions approved by the Court, (2) Plaintiffs' counsel will assign each plaintiff and claimant a number, maintaining a record of which number is assigned to whom, (3) Plaintiffs' counsel will provide the plaintiffs' and claimants' response to the written U-visa discovery to Defendant by substituting each individual's name with their assigned number, such that the name of each responder remains anonymous to Defendant, and (4) Plaintiffs' counsel is directed to redact any factual information within these anonymous response which would reasonably reveal the identity of the responder.

*Id.*

The solution the district court fashioned on remand in *Cazorla* is not workable here. In *Cazorla*, the system of assigning anonymous numbers to several plaintiffs and claimants ensures individual immigrant statuses are not publicly revealed. *Id.* at *2. In contrast, Ms. Salazar-Santiago is the only individual involved in this case; thus, only her immigration status would be publicly revealed. Therefore, although Ms. Salazar-Santiago's U visa paperwork arguably has probative value and is relevant to her credibility, the burden on her and the public in producing that paperwork outweighs any potential benefit to Favorite Farms.

9

### III.    CONCLUSION

Ms. Salazar-Santiago's U visa paperwork could arguably be probative and relevant to her credibility.  However, the *in terrorem* effect on Ms. Salazar-Santiago (including the potential for embarrassment, harassment and burden) and the potential adverse effect on the public in revealing her immigration status outweigh any potential benefit to Favorite Farms.  Accordingly, the EEOC established good cause for an order protecting discovery into Ms. Salazar-Santiago's immigration status.  Therefore, Favorite Farms' motion to compel (Doc. 41) is **DENIED** and the EEOC's motion for protective order (Doc. 50) is **GRANTED**.  Favorite Farms may not request from the EEOC, Ms. Salazar-Santiago, RCMA, or other non-parties discovery concerning Ms. Salazar-Santiago's immigration status or U visa application.

**ORDERED** in Tampa, Florida on this 25th day of May, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge