UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

AND

EULALIA SALAZAR-SANTIAGO,

    Intervenor-Plaintiff,

v.                                         Case No. 8:17-cv-1292-T-30AAS

FAVORITE FARMS, INC.,

    Defendant

_____/

## ORDER

The Equal Employment Opportunity Commission ("EEOC") moves to keep all briefing and orders concerning Eulalia Salazar-Santiago's U visa application under seal. (Doc. 60). Favorite Farms opposes the EEOC's motion. (Doc. 66). The EEOC failed to prove that sealing briefing and orders about Ms. Salazar-Santiago's U visa application is necessary. Therefore, the EEOC's motion for briefing and orders to remain under seal is **DENIED**.

### I.    PROCEDURAL BACKGROUND

Favorite Farms moved to compel non-party Redland Christian Migrant

1

Association ("RCMA") to respond to a subpoena duces tecum. (Doc. 41). Favorite Farms sought documents concerning Ms. Salazar-Santiago's U visa application. (Doc. 41). Before all opposing parties submitted their response to Favorite Farms' motion to compel, the EEOC moved to seal briefing that revealed Ms. Salazar-Santiago's immigration status. (Doc. 45). Given the impending discovery deadline at the time and "time constraints imposed by the response deadline to Favorite Farms' motion to compel," the undersigned found it appropriate to temporarily seal briefing and orders concerning Ms. Santiago-Salazar's immigration status until the undersigned ruled on Favorite Farms' motion to compel. (Doc. 46, p. 2).

After the parties and RCMA responded to Favorite Farms' motion, the undersigned denied Favorite Farms' motion to compel. (Doc. 59). The undersigned simultaneously granted the EEOC's motion for protective order, which sought to protect from discovery documents concerning Ms. Salazar-Santiago's U visa application. (Docs. 50, 60). In the order on Favorite Farms' motion to compel and the EEOC's motion for protective order, the undersigned noted the following:

> Because Ms. Salazar-Santiago's immigration status is not revealed in this Order or the parties' and RCMA's filings, unsealing this Order and briefing concerning this issue appears warranted. However, the parties may submit briefs by June 4, 2018, if any party believe keeping these filings sealed is warranted.

(Doc. 59, p. 1 n.1).

The EEOC timely submitted its current motion to keep all briefing and orders concerning Ms. Salazar-Santiago's U visa application under seal. (Doc. 60). Favorite

2

Farms then submitted its response in opposition. (Doc. 66).

## II. ANALYSIS

The EEOC argues that although the briefing and orders do not "directly state" Ms. Salazar-Santiago's immigration status, "the filings indisputably reveal that Salazar-Santiago applied for a U-Visa." (Doc. 60, p. 3) (citations omitted). The EEOC argues that fact alone reveals Salazar-Santiago's immigration status because only immigrants without legal immigration status can apply for U visas. (*Id.* at 3–5). The EEOC argues unsealing briefs and orders concerning Ms. Salazar-Santiago's U visa application "would place a substantial burden on Salazar-Santiago and would chill victims and witnesses in future EEOC cases from coming forward and participating in EEOC's cases challenging workplace discrimination." (*Id.* at 6) (citations omitted). So, the EEOC requests all orders and briefing that discuss Ms. Salazar-Santiago's immigration status remain under seal for ten years. (*Id.* at 7).

Favorite Farms argues sealing briefs and orders concerning Ms. Salazar-Santiago's U visa application is unnecessary and against the presumption that judicial records should be public. (Doc. 66). Favorite Farms contends that disclosing the fact Ms. Salazar-Santiago applied for a U visa does not reveal her immigration status. (*Id.* at 2). Favorite Farms also points to other documents on the court's docket, which the EEOC provided, that disclose the fact that Ms. Salazar-Santiago applied for a U visa. (*Id.*). Favorite Farms concludes that briefs and orders in this case only disclose that Ms. Salazar-Santiago applied for a U visa and she may be

3

eligible for a U visa; therefore, the EEOC's motion to keep all briefing and orders concerning her U visa application should be denied. (*Id.*).

A nonimmigrant may apply for a U visa if she suffered substantial physical or mental abuse from criminal activity, has information about that criminal activity, and helps law enforcement investigate that criminal activity. 8 U.S.C. § 1101(a)(15)(U); *Meridor v. U.S. Att'y Gen.*, 891 F.3d 1302, 1304 n.1 (11th Cir. 2018) (citation omitted). A nonimmigrant is an alien who seeks temporary entry into the United States for a specific purpose, like temporary work. U.S. Citizenship and Immigration Services, *Nonimmigrant*, USCIS.gov (Mar. 22, 2018), https://www.uscis.gov/tools/glossary/nonimmigrant. Unless U.S. Citizenship and Immigration Services ("USCIS") or the U.S. Attorney General grants a waiver, a U visa applicant must otherwise be admissible into the United States. *Meridor*, 891 F.3d at 1307 (citations omitted).

Here, the briefs and orders only disclose that Ms. Salazar-Santiago applied for a U visa. No brief or order discloses whether Ms. Salazar-Santiago is admissible or not. Nor does any brief or order disclose whether USCIS approved Ms. Salazar-Santiago's U visa application. Although, by applying for a U visa, Ms. Salazar-Santiago indicated she qualifies as a nonimmigrant, no order or brief reveals the USCIS's final determination. Therefore, no order or brief discloses Ms. Salazar-Santiago's official immigration status.

Even if an order or brief disclosed Ms. Salazar-Santiago's official status as a

nonimmigrant, that disclosure is not the "potential adverse effect on the public" the undersigned considered in the order denying Favorite Farms' motion to compel and granting the EEOC's motion for protective order. (Doc. 59). In the order, the undersigned stated that the potential adverse effect on the public in allowing discovery into Ms. Salazar-Santiago's U visa application "would be illegal immigrants' reluctance to bring Title VII claims because they do not want their immigration status publicly revealed for fear of prosecution or deportation." (*Id.* at 7) (citations omitted). Nonimmigrants legally present in the United States applying for a U visa application fall outside the category of individuals affected by the "potential adverse effect on the public" the undersigned previously considered.

The courts cited in the undersigned's order also did not consider the disclosure of Title VII litigants as nonimmigrants in their decisions. The Ninth Circuit discussed the potential harm on illegal immigrants if the court permitted discovery into immigration status in *Rivera v. NIBCO, Inc.* 364 F.3d 1057, 1064–66 (9th Cir. 2004).[1] The Eleventh Circuit discussed the potential harm to undocumented children when deciding the constitutionality of an Alabama statute that required verification of citizenship and immigration status of children enrolled in public schools in *Hispanic Interest Coalition of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247

---

[1] The district court in *Jones v. Haristoy, Inc.* partly relied on the Ninth Circuit's decision in *Rivera* when holding that discovery into an alien's immigration status was impermissible. No. 3:03-CV-121-JTC, 2004 WL 7329975, at *14 (N.D. Ga. Oct. 8, 2004). The *Jones* court also did not discuss any potential harm in disclosing that a litigant was a nonimmigrant. *Id.*

5

(11th Cir. 2012). And when deciding whether to permit discovery into a litigant's immigration status, the district court in *EEOC v. DiMare Ruskin, Inc.* stated that "discovery of the Claimants' immigration status would cause them embarrassment and, if their status is found to be illegal, could subject them to criminal charges and, possibly, deportation." No. 2:11-CV-158-FtM-99SPC, 2012 WL 12067868, at *5 (M.D. Fla. Feb. 15, 2012). A litigant's disclosure as a nonimmigrant, which is not an illegal status, was not discussed in the courts' decisions.

Furthermore, the EEOC's argument that disclosure of a litigant applying for a U visa must be sealed is undermined by courts, including the Eleventh Circuit, that revealed litigants' applications for U visas. *See Meridor*, 891 F.3d at 1304 (discussing how litigant applied for a U visa); *Llovera v. Florida*, 576 F. App'x 894, 895 (11th Cir. 2014) (same); *Linares v. Florida*, No. 13-60625-CIV-SCOLA, 2013 WL 12080309, at *1 (S.D. Fla. Aug. 14, 2013) (same); *Bejarano v. Chertoff*, No. 07-22802-CIV, 2008 WL 2439746, at *1 (S.D. Fla. June 13, 2008) (same); *Uriostegui v. Ala. Crime Victims Comp. Comm'n*, No. 2:10-CV-1265-PWG, 2010 WL 11613802, *2 (N.D. Ala. Nov. 16, 2010) (same).

The public has a presumptive right to view judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Here, the EEOC failed to either prove that there is good cause for keeping all briefing and orders concerning Ms. Salazar-Santiago's U visa application sealed or otherwise prove that it is necessary. Therefore, the EEOC's motion to keep those briefs and orders under seal is denied.

6

## III. CONCLUSION

Because no order or brief revealed Ms. Santiago-Salazar's official immigration status, keeping those orders and briefs under seal is unnecessary and without good cause. Even if a brief or order revealed Ms. Santiago-Salazar as a nonimmigrant, that disclosure is not the type of "potential adverse effect on the public" the undersigned considered in the order protecting discovery into Ms. Salazar-Santiago's immigration status. Accordingly, it is **ORDERED** that:

1. The EEOC's motion to keep all briefing and orders concerning Ms. Salazar-Santiago's U visa application under seal (Doc. 60) is **DENIED**.

2. The Clerk is directed to unseal all motions and orders in this case. Specifically, the Clerk is directed to unseal the following docket entries: 41, 50, 51, 58, 59, 60, 61, 66, 70, 71, and 74.

**ORDERED** in Tampa, Florida on this 6th day of August, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge