# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Plaintiff,

    &

**EULALIA SALAZAR SANTIAGO,**

    Plaintiff-Intervenor,

v.                                                             Case No. 8:17-cv-1292-T-30AAS

**FAVORITE FARMS, INC.,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Favorite Farms, Inc.'s Motions for Summary Judgment (Dkts. 75, 87) and Plaintiff EEOC's Motion for Partial Summary Judgment As to Certain Asserted Defenses (Dkt. 88). The Court, having reviewed the motions, the responses, and the record evidence, concludes that the motions should be denied. Summary judgment is inappropriate on any of the claims in this case because the record contains genuine issues of disputed facts. Accepting the facts in a light most favorable to Plaintiffs, the non-movants, a jury could return a verdict in their favor on the retaliation and sexual harassment claims. A jury could also conclude that Favorite Farms is liable for the assault and battery claims.

# DISCUSSION

On May 31, 2017, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this lawsuit against Defendant Favorite Farms, Inc. under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (Dkt. 1). The claims are premised on a hostile work environment based on sex (otherwise referred to as "sexual harassment") and retaliation by Intervenor-Plaintiff Eulalia Salazar-Santiago's direct supervisor and Favorite Farms' employee, Hector Cruz. The complaint seeks to "provide appropriate relief to Charging Party [Salazar-Santiago] who was adversely affected by such practices." *Id.* The complaint alleges that Cruz subjected Salazar-Santiago to "unwelcome sexual comments, forcible physical contact, and rape." *Id.*

On November 7, 2017, the Court entered an Order granting Salazar-Santiago's motion to intervene (Dkt. 18). Salazar-Santiago's amended complaint alleges, in relevant part, claims of assault and battery against Favorite Farms (Dkt. 23).[1]

With respect to all of the claims in this case, Salazar-Santiago alleges that she worked for Favorite Farms as a "seasonal worker" conducting field labor. Salazar-Santiago resided with her two children in housing that Favorite Farms provided and leased to her during her employment. Cruz, who was Salazar-Santiago's supervisor, worked as Favorite Farms' crew leader. His duties included assigning the field laborers to apartments in the housing units that Favorite Farms provided.

---

[1] Salazar-Santiago also alleged a claim for intentional infliction of emotional distress but this claim was subsequently dismissed pursuant to the parties' joint stipulation for voluntary dismissal (Dkt. 34).

On November 13, 2015, Cruz visited Salazar-Santiago's apartment and stated that he needed to inspect it to determine whether there was room to move additional people into the apartment. According to Salazar-Santiago, Cruz pushed her into a bedroom and raped her during the purported inspection. Salazar-Santiago reported the rape to Favorite Farms' management. She claims that Favorite Farms did not adequately investigate her report and took no disciplinary action against Cruz.

Favorite Farms moves for summary judgment on all of the EEOC's and Salazar-Santiago's claims. Its motions lack merit because the ample record in this case is heavily disputed on genuine issues of fact. And the Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Because it is so clear that a finder of fact must resolve these claims, the Court sees no reason to discuss the parties' motions at length. Therefore, the Court will briefly address some of the main arguments.[2]

---

[2] The factual disputes discussed in this Order are not the only material disputed facts in the record.

## I. Favorite Farms' Argument that Salazar-Santiago Did Not "Experience" Any Retaliation

Favorite Farms' sole argument regarding the retaliation claims is that the "undisputed" facts demonstrate that Salazar-Santiago did not experience an adverse employment action following her November 13, 2015 report of Cruz's alleged rape. The record reflects otherwise. The record reflects that on December 2, 2015, Favorite Farms suspended Salazar-Santiago without pay, which caused her physical and emotional hardship. She earned approximately $5,000 a year and supported her two young daughters. The record reflects that even a few days without pay was a hardship for her and her family. A jury could find that this is tangible harm despite the fact that Favorite Farms later decided to reimburse her for some of the unpaid time. And Favorite Farms' arguments to the contrary are unconvincing. Indeed, the Supreme Court noted in *Burlington Northern & Santa Fe Railway Company*, 548 U.S. 53, 73 (2006) that a reasonable employee facing the choice between retaining her paycheck and filing a discrimination complaint "might well choose the former" even if she eventually received back pay.

Since *Burlington*, courts have agreed with this sound logic. For example, in *Crawford v. Carroll*, 529 F.3d 961, 972 (11th Cir. 2008), the Eleventh Circuit noted that employers should not be permitted to "escape" liability by correcting the retaliatory act after the fact. A jury could find that even a one-day suspension without pay could arguably deter a reasonable worker from making or supporting a charge of discrimination. *See Alhallaq v.*

*Radha Soami Trading, LLC*, No. 1:11-CV-0700-RGW, 2011 WL 13176334, at *7 (N.D. Ga. Oct. 13, 2011).

Favorite Farms' arguments with respect to the March 8, 2016 written warning and Salazar-Santiago's March 28, 2016 termination similarly fail. With respect to the written warning, there is a dispute over whether Salazar-Santiago also was not paid for the strawberries she harvested that day. With respect to Salazar-Santiago's termination, the record reflects that her employment ended while other farm workers were permitted to work. There is also a dispute about whether Favorite Farms evicted her from her housing unit, even though it had never previously required its workers to move out during the off-season.

In sum, a jury could find that these actions were materially adverse because they could have deterred a reasonable employee from engaging in the protective activity. Accordingly, Favorite Farms' motion is denied with respect to Plaintiffs' retaliation claims.

**II.    Favorite Farms' Argument that There Is No Basis to Find It Liable for Cruz's Actions**

Favorite Farms argues that it is entitled to the *Faragher/Ellerth* affirmative defense as to Plaintiffs' allegations of sexual harassment. In *Faragher* and *Ellerth*, the Supreme Court applied common law agency principles to clarify under what circumstances an employer can be held vicariously liable for the hostile work environment created by a supervisor. *See Madray v. Publix Supermarkets*, 208 F.3d 1290, 1296 (11th Cir. 2000). The employer is liable when the supervisor has immediate or successively higher authority over the employee. *Id.* However, where the employee suffered no adverse tangible employment

action as a result of the harassment, the employer has access to an affirmative defense, which it can successfully interpose where it can show "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* at 1296–97 (internal quotation omitted).

The record is abundant with disputed facts related to Favorite Farms' entitlement to the *Faragher/Ellerth* defense. For example, it is entirely unclear whether Salazar-Santiago received Favorite Farms' anti-harassment policy. Also, Salazar-Santiago—and 65% of Favorite Farms' workers—speak only Mixteco, an indigenous language of Mexico. Yet the record reflects that Favorite Farms never translated its policies into Mixteco. This casts doubt on whether Favorite Farms exercised reasonable care in the dissemination of its policies. The record also contains facts that Favorite Farms had prior knowledge of a prior sexual harassment complaint against Cruz but failed to adequately investigate the complaint.

Also, even assuming the Court concluded that Favorite Farms exercised reasonable care to prevent and promptly correct harassing behavior, it is undisputed that Salazar-Santiago reported Cruz's alleged rape to management immediately after it occurred.

Finally, Favorite Farms' argument that it took prompt remedial action is highly disputed. The record reflects that Salazar-Santiago sought court-ordered protection against Cruz and received a restraining order against Cruz because she did not want to continue working in the same field near Cruz after the sexual assault. The record also shows that

Favorite Farms did not make a written report of Salazar-Santiago's complaints and did not fully investigate the alleged rape until nearly one year later in response to the EEOC's investigation.

In sum, a jury could find that Favorite Farms is not entitled to the *Faragher/Ellerth* defense. Accordingly, Favorite Farms' motion is denied with respect to Plaintiffs' sexual harassment claims.

**III.     Favorite Farms' Argument that Cruz's Actions Were Outside the Scope of Employment**

Favorite Farms argues that it cannot be vicariously liable for the assault and battery claims because the record is undisputed that Cruz acted outside the scope of employment when he allegedly raped Salazar-Santiago. The record reflects genuine disputes of material facts on this issue. As the Court stated when it denied Favorite Farms' motion to dismiss on the issue of its liability for these claims: "Although, generally speaking, a sexual assault typically falls outside the scope of an employee's service to the employer, the inquiry is *fact-intensive* and Florida recognizes an exception to the general rule if the employee/tortfeasor accomplished the tort by virtue of the employer/employee relationship." (Dkt. 35) (citing *Doe v. St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1288-89 (M.D. Fla. 2014); *DK v. School Bd. Of Manatee Cnty, Fla.*, No. 8:14-cv-2329-T-33TBM, 2014 WL 5473578, at *2 (M.D. Fla. Oct. 28, 2014) (emphasis added)).

The record reflects that Cruz was Salazar-Santiago's supervisor. Accepting the facts in a light most favorable to Salazar-Santiago, a jury could find that Cruz used his authority

as her supervisor and as Favorite Farms' foreman and crew leader to gain access to her apartment in order to sexually assault her. Notably, it is undisputed that Cruz oversaw inspections of Favorite Farms' housing units and was empowered to enter the units and assign the field workers to the units.

The record also reflects that Favorite Farms was aware of a previous complaint of sexual harassment against Cruz. Specifically, Florentina Lopez, another field worker, had reported to Favorite Farms' management that Cruz sexually harassed her—which included an incident where he came to her housing unit and threatened her.

In sum, a jury could find that Cruz accomplished the alleged rape by virtue of the employer/employee relationship. Accordingly, Favorite Farms' motion for summary judgment is denied with respect to this issue.

## IV.  EEOC'S Motion for Judgment As to Certain Asserted Defenses

The EEOC has moved for summary judgment on a number of defenses Favorite Farms asserted in its answer. The motion is curious to the extent that the EEOC acknowledges that these defenses "are not defenses at all; rather they are denials of the allegations in [the] EEOC's Complaint." (Dkt. 88). Yet—in fourteen pages—the EEOC argues why the Court should enter judgment on these defenses. The motion is denied. The Court sees no reason to enter judgment on a defense that is not really an affirmative defense. The EEOC could have raised these concerns much earlier in this proceeding in a motion to strike.[3]

---

[3] The Court agrees with Favorite Farms that its affirmative defense related to Salazar-Santiago's failure to mitigate is moot in light of her stipulation that she is not seeking back pay.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Favorite Farms, Inc.'s Motions for Summary Judgment (Dkts. 75, 87) are denied.

2. Plaintiff EEOC's Motion for Partial Summary Judgment As to Certain Asserted Defenses (Dkts. 88) is denied.

3. Defendant's Motion to Strike (Dkt. 103) is denied as moot. The Court did not rely on Caroline Maimone's Declaration, or consider it in any way, because the record was heavily disputed irrespective of Maimone's Declaration.

**DONE** and **ORDERED** in Tampa, Florida on October 1, 2018.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record