UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

*Plaintiff,*

AND                                                                  Case No. 8:17-cv-01292-JSM-AAS

EULALIA SALAZAR-SANTIAGO,

*Intervenor-Plaintiff*

v.

FAVORITE FARMS, Inc.,

*Defendant*

---

## DECLARATION OF PETER F. HELWIG

1. I am over the age of 18 years

2. I am counsel for Intervenor-Plaintiff Eulalia Salazar-Santiago in this case and I submit this Declaration in support of her Motion for Attorney's Fees.

3. I was admitted to the practice of law in Connecticut in 1975 and in Florida in 1986. I am a member in good standing of the bar of the United States District Courts for the Southern District of Florida (including trial bar), the Middle District of Florida, the District of Connecticut, the Second Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals.

4. I began my legal practice with Neighborhood Legal Services, Inc. of Hartford,

Connecticut in October of 1975. After moving to Florida in 1985, I continued my practice at Florida Rural Legal Services, Inc. from 1985 to 1999, including serving as its Executive Director from 1991-99. In October of 1999, I joined the firm which is now known as Harris & Helwig, P.A., where I am an officer and shareholder. With the exception of an initial year of general civil practice, my 43-year practice of law has concentrated on representation of plaintiffs in employment and civil rights cases, including administrative proceedings and litigation. I have been board certified in labor and employment law by the Florida Bar since 2002. A resume of my experience is attached hereto and incorporated herein as Exhibit A to this declaration.

5. My hourly rate of $400.00 per hour is the rate that I normally charge to non-contingent fee clients who pay for my services on a hourly basis. It is well within the range charged by attorneys of comparable skill, experience and reputation within the Middle District of Florida.

6. I have carefully reviewed my itemized time records which are attached hereto as Exhibit B. These records reflect the time expended by me as recorded on contemporaneous time records. Unnecessary or duplicative time has been deleted from these records. The time claimed was all reasonable and necessary for the successful prosecution of Ms. Salazar-Santiago's claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: 1-17-2019

Peter F. Helwig

EEOC & Salazar-Santiago v. Favorite Farms
Case No. 8:17-cv-01292

Hours of Peter F. Helwig

| DATE | ACTIVITY | HOURS |
|---|---|---|
| 10-5-17 | [From China] Review e-mail from office re: call from Diana Castro; attempt to respond to e-mail and to e-mail or call Castro | 0.3 |
| 10-6 | Phone with Diana Castro; attempt to e-mail and call Oshia Banks | 0.4 |
| 10-9 | Phone with Oshia Banks | 0.1 |
| 10-12 | [Back in USA] Review PACER file; e-mails with Castro; e-mail to Atty Roldan | 0.5 |
| 10-13 | E-mails with Castro to set up meeting with cl | 0.2 |
| 10-16 | E-mails with Castro confirming her contact with Atty Roldan and plaintiff | 0.2 |
| 10-17 | E-mails with Castro confirming meeting with p for 10-19 | 0.1 |
| 10-19 | Review allegations to prep for meeting with cl | 0.4 |
| 10-19 | Meet with cl, atty roldan and RCMA staff re: intervention, including travel to Dover, FL | 3.6 |
| 10-19 | Research issues re: late filing of motion to intervene under rule 16 | 2.0 |
| 10-20 | Additional research on Rule 16 "good faith" and "prejudice" issues | 1.8 |
| 10-20 | Finish draft of intervene brief re: Rule 16 | 1.3 |
| 10-20 | Research and draft section 1981 claim | 0.6 |
| 10-20 | Edit and revise intervene motion and complaint | 2.8 |
| 10-23 | Clean up and refile compl | 0.6 |
| 10-25 | Review detailed subpoena from D to Redlands; e-mail Redlands and EEOC attorney re: same; review order in EEOC v. Demare | 1.4 |
| 10-26 | Review EEOC letter to D based in part on my input; e-mail with EEOC | 0.5 |
| 11-15 | Review recs from Hispanic Family Counseling; e-mails to EEOC atty and RCMA re: same | 0.4 |
| 11-15 | Review D's MTD and begin case research | 1.0 |

| 11-21 | Research respondeat superior issues | 0.9 |
| --- | --- | --- |
| 11-21 | Research IIED issues | 0.4 |
| 11-21 | Draft amended complaint and e-mail to co-counsel for review | 1.6 |
| 11-27 | Review Initial Disclosures of P and D; draft cl's initial disclosures | 0.7 |
| 11-27 | Edit, revise and file amended compl | 1.3 |
| 12-4 | Review D's RFP to RCMA and draft letter with our objections and claims of privilege | 1.4 |
| 12-8 | Review e-mail and attachments from Banks re: privilege issues and draft response | 0.6 |
| 12-14 | E-mails with Banks re: cocounsel covering depo | 0.2 |
| 12-19 | Detailed e-mail to co-counsel re: her non-attendance at depo | 0.4 |
| 12-19 | Attend depo of Coronado, including travel | 7.0 |
| 12-20 | Edit notes of depo and e-mail to Banks | 0.4 |
| 12-26 | Work on memo of law in response to D's MTD | 7.8 |
| 12-27 | Ditto | 6.0 |
| 12-28 | Ditto | 3.3 |
| 12-29 | E-mails to cocounsel, D attys re: vol dism of IIED claim | 0.3 |
| 12-29 | Edit, revise and file memo in opp to MTD | 2.7 |
| 1-2-2018 | E-mails with D atty re: dism of Count VIII; draft stip re: same | 0.4 |
| 1-11 | E-mails with EEOC atty re: discovery planning | 0.2 |
| 2-27 | Review D atty e-mail requesting dates for depos | 0.1 |
| 3-1 | Respond to D atty e-mail re: responses to discovery and begin work on compiling info for responses | 1.6 |
| 3-1 | Review D responses to EEOC's Third Rogs | 0.4 |
| 3-2 | Begin draft of response to rogs | 0.7 |
| 3-5 | E-mails among counsel re: depo scheduling | 0.4 |
| 3-5 | E-mails with D atty re: deadline for rogs responses | 0.2 |
| 3-6 | E-mails among counsel re: depo scheduling | 0.3 |

| 3-7 | Work on responses to D's rogs | 2.2 |
|---|---|---|
| 3-8 | Work on responses to D's rogs | 3.1 |
| 3-8 | Meet with cl for review and signing of rogs ans, including travel | 1.9 |
| 3-9 | E-mails among counsel re: depo scheduling | 0.2 |
| 3-9 | Research and E-mails with EEOC atty re: back pay strategic withdrawal | 0.5 |
| 3-12 | Draft responses and to D's Third RFP | 1.7 |
| 3-12 | Transmittal letters and e-mails for responses to D discovery | 0.4 |
| 4-18 | Participate in depo prep via phone | 0.6 |
| 4-19 | Attend depo of Jaime Santiago by phone, including pre- and post-depo conferrals with EEOC atty | 2.4 |
| 4-4 | Review D's request to admit and prepare response | 1.2 |
| 5-2 | Review D's motion to compel to RCMA and *Cazorla* case | 1.4 |
| 5-3 | E-mails with EEOC atty re: depos | 0.1 |
| 5-4 | Review D's request for medical release, research issue, and respond | 1.2 |
| 5-7 | Research issue in D's motion to compel RCMA to disclose immigration status of P | 2.3 |
| 5-7 | E-mails with EEOC atty re: upcoming depos | 0.2 |
| 5-8 | Participate in Linda Brown depo by phone pre-depo e-mails with EEOC attorney | 0.6 |
| 5-8 | Work on mem in opp to D's motion to compel | 4.4 |
| 5-9 | Participate in depos of Brown Fox and Taylor in person, including travel to Tampa | 3.6 |
| 5-9 | Discussion and e-mails with EEOC attorney re: depo prep of P | 0.3 |
| 5-9 | E-mails with D atty and EEOC atty about D's objection to use of depo xlator for depo prep and consequent rescheduling | 0.6 |
| 5-9 | Work on mem in opp to D's motion to compel | 3.0 |
| 5-9 | Phone and e-mails with RCMA re: P's U visa file | 0.3 |
| 5-10 | More e-mails with EEOC attorney and D atty re: rescheduling depos | 0.3 |
| 5-10 | E-mails with EEOC attorney re: prep of P for her depo | 0.4 |

| | | |
|---|---|---|
| 5-10 | Finish mem in opp to D's motion to compel | 4.3 |
| 5-11 | Review record to prep to meet with cl re: her depo | 1.6 |
| 5-11 | Meet with cl to prep for depo, including travel to Dover | 3.0 |
| 5-13 | Review docs from RCMA and prepare e-mail to D forwarding docs | 0.8 |
| 5-14 | Prepare responses to D's 2nd RFP and 2nd interrogatories | 2.8 |
| 5-14 | E-mails with counsel re: production of med recs | 0.6 |
| 5-14 | Prep for phone interview, then phone interview of Marsha Mena | 0.5 |
| 5-15 | Assemble docs for P depo, then attend P depo, including travel | 11.2 |
| 5-16 | Prep for depo of Cruz, thyen attend depo of Cruz, including travel | 8.4 |
| 5-17 | Draft pre-mediation summary | 0.6 |
| 5-17 | Prep for mediation, including phone conf with EEOC attorneys | 1.1 |
| 5-18 | Additional prep for mediation, incl calculation of atty fees, etc. | 0.9 |
| 5-18 | Attend mediation, including travel | 6.6 |
| 5-19 | E-mails with EEOC and D attys re: depo scheduling | 0.2 |
| 5-20 | Attend Florencia Lopez depo by phone | 3.9 |
| 5-21 | Attend Marsha Mena depo in person, incl. Travel | 4.8 |
| 6-6 | E-mails with farmworker advocates to find witness | 0.2 |
| 7-20 | Work on response to MSJ re: statutory claims | 2.3 |
| 7-23 | Work on response to MSJ re: tort claims | 4.1 |
| 7-23 | Work on response to MSJ re: statutory claims | 1.0 |
| 7-24 | Work on response to MSJ re: tort claims | 2.6 |
| 7-25 | Work on response to MSJ re: tort claims | 7.9 |
| 7-26 | Work on response to MSJ re: tort claims | 5.7 |
| 7-27 | Work on response to MSJ re: tort claims | 4.7 |
| 7-28 | Work on response to MSJ re: tort claims | 2.2 |
| 7-30 | Work on response to MSJ re: tort claims | 1.6 |
| 7-31 | Work on response to MSJ re: tort claims | 4.4 |

| | | |
|---|---|---|
| 8-13 | Review D's motion to strike declaration and e-mail EEOC attorneys re: same | 0.5 |
| 10-17 | Review record re: protective order vs. RCMA, appeals, etc, and effect or order (DE 116); respond in detail to D via e-mail | 1.4 |
| 10-21 | Prep for pretrial stip meeting | 1.7 |
| 10-22 | Attend pretrial stip meeting in Tampa, including travel | 3.6 |
| 10-25 | Review latest versions of pretrial stip and make edits, e-mails with EEOC attys and D attys re: same | 1.2 |
| 10-26 | Conf call with EEOC attys re: settlement and follow up via e-mails and drafts | 0.5 |
| 10-31 | Phone calls with Co-counsel, phone with cl via interpreter, re: possible settlement | 0.7 |
| 11-1 | Prep for and attend pretrial conf, including travel | 3.2 |
| 11-1 | Meet with EEOC counsel to plan for trial | 0.8 |
| 11-9 | Work with EEOC attys on prep of cl for testimony, incl travel | 4.2 |
| 11-13 | Review Coronado depo to prep for trial examination | 1.0 |
| 11-13 | Review Mena depo testimony to prep for for trial examination | 0.8 |
| 11-14 | Mock "focus group" trial in Tampa, including travel | 8.9 |
| 11-15 | E-mails with co-counsel re: trial prep | 0.3 |
| 11-16 | Review history of docs from RCMA; e-mail cocounsel re: same | 0.9 |
| 11-18 | Review and comment on EEOC's trial plan | 0.7 |
| 11-26 | E-mails with cocounsel re: trial plan, witness Ids | 0.5 |
| 11-27 | Interview Cruz re: availability to appear at trial, incl travel | 1.8 |
| 11-28 | Trial prep - Work on setting up meetings with cl and Marsha Mena, and prepare questions for trial | 2.0 |
| 11-30 | Review proposed jury instr; research vicarious liability; draft alternative version of same | 2.4 |
| 12-1 | Review materials for Coronado direct exam | 1.3 |
| 12-3 | Work on scheduling meeting at court, prep time with witnesses | 0.5 |

| 12-4 | Phone to Hisp Fam Serv re: Mena testimony; e-mails with cocounsel re: her unavailability; research and follow with up motion to testify via transcription | 2.5 |
|---|---|---|
| 12-4 | Review and comment on proposed verdict forms | 0.4 |
| 12-4 | Review and common on draft jury questionnaire | 0.2 |
| 12-5 | Review and comment on sched of witnesses, revised jury instr, verdict form | 0.6 |
| 12-5 | Prepare issues for questions for Coronado depo | 1.7 |
| 12-6 | Prep witnesses (Teresa and cl) with cocounsel at EEOC office, incl travel | 5.5 |
| 12-7 | Prep cl with counsel at EEOC office, incl travel | 6.9 |
| 12-7 | Visit court with cl and EEOC tech person for orientation for trial, incl travel | 0.5 |
| 12-9 | Review plan for trial and prepare opening statement | 2.7 |
| 12-9 | Research sample jury instr on vicarious liab and e-mail proposal to D atty | 1.7 |
| 12-10 | Prep on opening statement and voir dire issues | 3.3 |
| 12-10 | Trial, incl travel | 8.8 |
| 12-11 | Final prep for exam of cl; read and mark up depo of Taylor | 4.1 |
| 12-11 | Trial, incl travel | 8.2 |
| 12-12 | No court – Prepare questions for exam of Taylor | 2.2 |
| 12-12 | Research failure to exhaust of FCHR claim | 0.9 |
| 12-13 | Prepare Marsha Mena depo xscript for reading in court; research D hearsay and rule 701-02 objections | 2.6 |
| 12-13 | Trial, incl travel | 8.6 |
| 12-14 | Research proof requirements for state law punitive damages claim; e-mail D atty re: dropping same; draft notice of withdrawal | 2.7 |
| 12-14 | Prep for Beatriz Andre exam, including FCHR research | 0.6 |
| 12-14 | Trial, incl travel | 13.6 |
| 12-16 | Prepare for cross exams of Coronado and Taylor | 3.7 |

| 12-16 | E-mails with D and prepare draft stip of dism of state punitive damages claim | 1.5 |
|---|---|---|
| 12-17 | Prepare for Harrell cross exam | 0.7 |
| 12-17 | E-mail to D and prepare motion to dism state law punitive damages claim | 0.6 |
| 12-17 | Trial, incl travel | 10.6 |
| 12-18 | Prepare closing argument; e-mails with cocounsel re: same | 3.3 |
| 12-18 | Trial, incl travel | 3.2 |
| 12-18 | Remain in courthouse awaiting verdict | 2.8 |
| 12-19 | Attend court, awaiting and receiving verdict, including travel | 5.6 |
|  |  |  |
|  | Total Hours through 12-19-2018 | 327.6 |
|  | 327.6 x $400 = $131,040 |  |