# RYAN BARACK'S DECLARATION IN SUPPORT OF THE AWARD OF ATTORNEY'S FEES FOR PLAINTIFF-INTERVENOR

I, RYAN DAVID BARACK, declare as follows:

1. My name is Ryan David Barack. Unless otherwise expressly indicated the facts set forth below are based upon my personal knowledge and the opinions set forth are my own. I understand that this declaration may be filed in the above captioned action in connection with the Plaintiff-Intervenor's motion for an award of attorney's fees and expenses.

2. I am a shareholder in the law firm of Kwall Barack Nadeau PLLC.

3. I am Board Certified in Labor and Employment Law by The Florida Bar. Certification is the highest level of recognition by The Florida Bar of the competency and experience of attorneys. I previously served as the Chair, Vice-Chair and committee member of the Labor and Employment Law Board Certification Committee, which is the committee that determines if other lawyers should be certified in the associated practice area.

4. I am a Member of The Florida Bar and the Pennsylvania Bar, where my current status is inactive/residing out-of-state. I am also a Member of the Bar of the United States Supreme Court; a Member of the of the Bar of the Eleventh Circuit Court of Appeals; a Member of the Bars for the Northern, Middle, and Southern Districts of the United States District Courts of Florida; a Member of the Labor and Employment Law Section of The Florida Bar; a Member of the Florida Chapter of the National Employment Lawyers Association; and Member of the Clearwater Bar Association.

5. I have previously served as Chairman of the Federal Court Practice Committee of The Florida Bar. I also served as Vice-Chair of that committee.

6. I currently serve on the Executive Counsel of the Labor and Employment Law Section of The Florida Bar.

7. I have published and lectured extensively on labor and employment law topics, and have made numerous presentations and delivered workshops to both attorney and non-lawyer groups. In addition, I have appeared on local television news to discuss employment law issues and been quoted by numerous media outlets on employment law issues.

8. I attended law school at the Marshall Wythe School of Law at College of William and Mary, where I was a member of the William and Mary Law Review. I attended law school as a Graduate Research Fellow, meaning I was one of thirteen students selected for a three-year merit based tuition waiver and research fellowship.

9. I received my undergraduate education at Vanderbilt University where I had majors in political science and secondary education.

10. From the fall of 1998 through the spring of 2004 (and during the summer of 1997) I was associated with the Tampa, Florida law firm of Zinober & McCrea, P.A. At Zinober & McCrea, I exclusively represented and advised employers in federal and state litigation and administrative proceedings on various employment and civil rights issues, including Title VII, ADA, ADEA, FMLA, FLSA, Section 1983, Rehabilitation Act, FCRA, ERISA, False Claims Act, Florida Whistleblower Act, Fair Housing Act, Non-Compete and Trade Secret Litigation.

11. In the spring of 2004, I left Zinober & McCrea to become a shareholder with the firm ultimately known as Kwall, Showers, Barack & Chilson, P.A. At Kwall, Showers, Barack & Chilson my practice was almost exclusively labor and employment litigation.

12. In January 2017, Michelle Nadeau and I formed a law firm called Kwall Barack Nadeau PLLC where my practice continues to be labor and employment litigation. I primarily represent individuals in labor and employment litigation. However, I still represent some employers.

13. Since beginning the practice of law, I have devoted my practice primarily to matters involving labor and employment law. I have litigated and tried numerous employment cases before this Court. I have litigated attorneys' fees issues in such cases before this Court.

14. I have spent approximately six hours reviewing this case and preparing this declaration. I have reviewed the pleadings, orders of the Court, and significant discovery documents. I have also reviewed Plaintiff-Intervenor's motion for attorney's fees and the attachments, including the detailed time records.

15. I am familiar with the principles applicable to awards for attorneys' fees as articulated by the United States Supreme Court in *Hensley v. Eckerhardt*, 461 U.S. 424 (1983) and by the Eleventh Circuit in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1998), as well as numerous other cases decided in the Eleventh Circuit and the Middle District of Florida and the state courts of Florida.

16. I am familiar with Peter Helwig and the firm of Harris & Helwig, P.A. Mr. Helwig has been an attorney for more than 40 years. He is former executive director of Florida Rural Legal Services, Inc. Mr. Helwig is a highly qualified attorney. He is personally known to me to do excellent work and is among the best attorneys representing employees in Florida. I have referred individuals that my firm is unable to represent to Mr. Helwig.

17. I am also very familiar with the law firm of Allen, Norton & Blue, PA. I have litigated numerous cases where they represented the employer and I have represented the employee. The firm is personally known to me to be very competent and aggressive in defending their clients. Based upon my review of the file in this case, Allen, Norton & Blue, PA was zealous, competent and through in their defense of the employer.

18. The hourly rate sought in this case is in keeping with or less than that which has previously been awarded in this community and charged by other labor and employment law attorneys in the Tampa Bay area. In *Patrick Jones v. Lakeland Drag Strip, Inc.*, Case No. 2010-CA-005171 (Polk County) lead counsel received an hourly rate of $400.00 per hour in July 2011. In *Steffen v. Akerman Senterfitt*, Case No. 8:04-cv-1693- T-24MSS, (M.D. Fla. June 1, 2007), the Court found that $450 was an appropriate hourly rate for lead counsel in the Tampa market. On June 30, 2015, the court found my then-requested hourly rate of $425 per hour to be reasonable in *Eric Vician, et al v. Timothy M. Roberts, et al*, Case No. 8:13-cv-1871-EAK-TGW (M.D. Fla). In the arbitration of *Heidi Wilson and Citicorp North America*, Case No. 33-160-00236011 (June 27, 2013) my hourly rate of $400 per hour was deemed reasonable by the arbitrator. In *Remia et al v. City of St. Petersburg*, Case No. 09-9209-CI-7 (Fla. 6th Cir. Jud Cir. Order June 23, 2011) the Court found reasonable my hourly rate of $400 per hour and $500 per hour for other members of my firm. In *Taboda v Latonio, Inc.*, Case No. 10-CA-021677 (Fla. 13th Jud. Cir. 2014), the court approved attorney's fees for lead counsel at the hourly rate of $425.00 per hour.

19. My current hourly rate to perform work similar to the work performed by Plaintiff's counsel in this case is $500 per hour. This is the normal hourly rate I currently charge when representing employers or when representing employees on an hourly, rather than contingent, basis. (As a courtesy, public service or due to a long standing relationships, I occasionally provide a discount to public sector unions or employees.)

20. I am familiar with the hourly rates charged in the Tampa Bay area by lawyers with comparable experience and reputation to that of Mr. Helwig, both those that primarily represent employee and primarily represent employers. It is my opinion that hourly rates of between $450 to $600 per hour are the market rate for lawyers of qualifications similar to those of Mr. Helwig.

21. I understand that Mr. Helwig is seeking $400 per hour in this matter. It is my opinion that an hourly rate of $400 for Mr. Helwig is below the market rate for lawyers of similar qualifications.

22. I have reviewed time records of Mr. Helwig. Based upon my review, it appears that the amount of time expended is reasonable for a case of this type and that the work performed by Plaintiff's counsel was necessary, not excessive and not duplicative of the work performed by the EEOC. It appears to me that Mr. Helwig engaged in appropriate motion practice, including responding to a motion to dismiss, responding to a motion for summary judgment and other pre-trial motions.

23. I have represented farm workers on occasion and it is my experience that representing individuals who work as seasonal farm labor can be very difficult. These individuals typically have very little money so they are not in a position to assist with the costs of litigating case. Farm workers also typically lack transportation and stable housing, making it much more difficult to interact with them because they have difficulty meeting in person and frequently move. In addition, these individuals are among the lowest paid in our society, so economic damages are frequently very limited when the plaintiff is a farm worker. It is my understanding that Plaintiff-Intervenor had very little money and received very low wages for her work. I believe that these factors would have made this case significantly less desirable.

24. I have represented farm workers on occasion, some of whom were immigrants with a limited understanding of English, American culture and the American legal system. I have found that representing individuals who have difficulty with communication in English can make the representation significantly less desirable because everything takes much longer due to translation issues. I have also found that individuals raised in other countries are often not aware of workings

of the American legal system. It is my understanding that the Plaintiff-Intervenor spoke the Mixtec language, with a very limited understanding of Spanish, and virtually no understanding of English. It is also my understanding that she was from a very rural part of Mexico and had virtually no formal schooling. It is my opinion that the language and cultural differences would make this case significantly less desirable because it would have made it very difficult for the lawyer to communicate with the client.

25. I have been qualified as an expert in the area of fees and employment law matters in numerous cases in both state and federal court.

26. I have provided this affidavit and these opinions at the request of counsel for Plaintiff-Intervenor nin the above-captioned matter. I do not and have not represented any party to this action. My firm does not and has not represented any party to this action. I am providing this affidavit as an attorney and as officer of the Court in order to assist the Court in fairly and appropriately rending a determination with respect to Plaintiff-Intervenor's motion for attorney's fees. I do not seek any compensation associated with this declaration.

I declare under penalty of perjury that the foregoing is true and correct on this 16th day of January 2019.

Ryan David Barack